IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                     No. CR 05-0484 JB

FELICITOS VASQUEZ-GONZALES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum on Behalf of Defendant Felicitos Vasquez-Gonzales, filed August 31, 2007 (Doc. 347). The primary issue is whether Vasquez-Gonzales should receive either a substantial downward departure or a substantial variance from the applicable guideline range of 27 to 33 months, and receive a sentence of 12 months. Because the Court has liberally applied the guidelines favorably to Vasquez-Gonzales, and because the Court concludes that the resulting advisory guideline sentence reflects well the factors in 18 U.S.C. § 3553(a), the Court will deny Vasquez-Gonzales' request to substantially depart or vary from the guideline sentence and to sentence him to 12 months, and instead will sentence him within the sentencing guideline range of 27-33 months.

## ANALYSIS

After a generous application of the sentencing guidelines in Vasquez-Gonzales' favor on minor/minimal participant and the base offense level, and after careful consideration of the factors in 18 U.S.C. § 3553(a), the Court concludes that the resulting advisory guideline range that the United States Probation Office has calculated, which incorporates the generous stipulations to

which the parties agreed, results in a reasonable sentence. While Vasquez-Gonzales asks the court for a sentence of 12 months, the Court believes that the advisory guidelines reflect well the mitigating factors that Vasquez-Gonzales emphasizes.

For example, Vasquez-Gonzales points out that he was a very low-level player in a larger organization and therefore entitled to a base offense level reduction under U.S.S.G. § 3B1.2. See Sentencing Memorandum on Behalf of Defendant Felicitos Vasquez-Gonzales at 7-9 ("Defendant's Sentencing Memo."), filed August 31, 2007 (Doc. 347); U.S.S.G. § 3B1.2 (stating that: "[b]ased on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.  (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels."). In recognition of this fact, the United States stipulated to a 3-level reduction for minor/minimal participation.  See Pre-Sentence Investigative Report ("PSR") ¶ 125, at 34 (disclosed July 31, 2007); Plea Agreement ¶ 10(b), at 5, filed June 4, 2007 (Doc. 307).  The Court adopts the stipulation after careful review of the record and the PSR, which the Court has now, in sentencing many co-defendants, reviewed major portions of multiple times. The Court also adopts the findings contained in the PSR.  See Transcript of Hearing (Court)(taken September 21, 2007).[1]

Because of the significant reduction in the offense level for minor/minimal role, the Court believes that the advisory guidelines fully reflects Vasquez-Gonzales' level in the large organization. He was not the least involved, and he is not entitled to the lowest sentence or one equal to the least involved.  See PSR ¶¶ 8-16, 125, at 5-6, 34.  No further deviation or variance is necessary or appropriate.  Moreover, because the Court has adopted the stipulation, Vasquez-Gonzales is entitled

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

to the safety value, which helps him avoid the statutory minimum.  See PSR ¶¶ 123, 154, at 34, 39; Defendant's Sentencing Memo. at 9.

Vasquez-Gonzales also argues that he had been in the United States for eighteen years and has never been in trouble with the law.  See Defendant's Sentencing Memo. at 8; PSR ¶¶ 130-32, at 35.  The advisory sentencing guidelines, however, fully reflects this clear record in Vasquez-Gonzales' criminal history score.  See PSR ¶ 132, at 35 (stating that, "[t]he total of the criminal history points is 0, which establishes a criminal history category of I." (citing to U.S.S.G., ch. 5, pt. A.)).  There is no compelling reason to vary from the advisory guideline sentence because of his prior good record.

After careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), and after consideration of the facts set forth at the hearing, the Court finds that Vasquez-Gonzales should receive a sentence of 27 months in incarceration. The offense level is 18, and the criminal history category is I, with a guideline imprisonment range of 27 to 33 months.  See PSR ¶ 154, at 39.  The Court believes that a sentence of 27 months is reasonable given Vasquez-Gonzales' role and conduct in this matter, the seriousness of the crime, the amount of drugs, and the extensive conspiracy involved.  The sentence is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the request in the Sentencing Memorandum on Behalf of Defendant Felicitos Vasquez-Gonzales for a sentence of 12 months is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney for the
    District of New Mexico
Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John F. Robbenhaar
Albuquerque, New Mexico

    *Attorney for the Defendant*